E-FILED
Monday, 14 July, 2025 09:38:02 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| William Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-1166-CSB |
| | ) | |
| v. | ) | Honorable Colin S. Bruce |
| | ) | |
| Mindi Nurse, et. al., | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Mindi Nurse, by and through her attorney, Kwame Raoul, Illinois Attorney General, and pursuant to this Honorable Court's Merit Review Order entered May 13, 2025 (Doc. 6), hereby submits the following Answer and Affirmative Defenses to Plaintiff's Complaint. (Doc. 1). In support thereof, Defendant states as follows:

**ALLEGATIONS ENUMERATED IN
COURT ORDER ENTERED MAY 13, 2025 (Doc. 6)**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court found that Plaintiff stated an Eighth Amendment Claim against John Doe for verbal harassment that increased Plaintiff's risk of physical harm, as Plaintiff allegedly had known psychological vulnerabilities. The Court held that it is "keeping Warden Nurse as a Defendant in order to begin the litigation so that Plaintiff may use the tools in discovery to identify the person whom he believes violated his Eighth Amendment rights." (Doc. 6 at 4).

**ANSWER: The Court found that Plaintiff's Complaint did not state a claim against Defendant Nurse. As such, no response to the allegations is required.**

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever

## GENERAL DENIAL

Defendant expressly denies any allegation not specifically admitted.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)**

1. Prior to filing suit, inmates must demonstrate that they have fully and properly exhausted their administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

2. To exhaust administrative remedies, a prisoner "must file complaints and appeals in the place, and at the time, 'the prison's administrative rules require.'" *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

3. To the extent Plaintiff has failed to adhere to the Illinois Department of Corrections grievance procedures, he is barred from recovery for failure to exhaust his administrative remedies prior to filing this action. *Prison Litigation Reform Act*, 42 U.S.C. § 1997; *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

### SECOND AFFIRMATIVE DEFENSE
**(Sovereign Immunity-11th Amendment)**

1. Under the Eleventh Amendment, a state and its agencies cannot be sued in federal court.

2. To the extent that Plaintiff is seeking monetary damages from Defendant in her official capacity, he is barred from recovery by the doctrine of sovereign immunity under the Eleventh Amendment.

**THIRD AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

1. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

2. To the extent that Plaintiff is seeking monetary damages from Defendant, who acted in good faith in the performance of her official duties and acted without violating the Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known, he is barred from recovery by the doctrine of qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Vicarious Liability Under §1983)**

1. The doctrine of *respondeat superior* does not apply to §1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[T]hus, to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Id*.

2. To the extent that Plaintiff is suing a Defendant for the actions of a subordinate in which a Defendant was not directly involved, he is barred from recovery because the doctrine of *respondeat superior* does not apply to a § 1983 claim.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff.

Dated: July 14, 2025

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

By: */s/ Zachary Shapiro*

Zachary Shapiro
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(773) 550-7349
Zachary.Shapiro@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 14, 2025, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned further certifies that he mailed a copy to the pro-se Plaintiff at the following address via First Class Mail USPS:

Lawrence DeWayne Wallace, #B35669
Western Illinois Correctional Center
Inmate Mail/Parcels
2500 Rt 99 South
Mt Sterling, IL 62353

*/s/ Zachary Shapiro*
Zachary Shapiro