E-FILED
Thursday, 16 April, 2026 12:37:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| William Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-1166-CSB |
| | ) | |
| v. | ) | Honorable Colin S. Bruce |
| | ) | |
| Mindi Nurse, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

NOW COMES Defendant Mindi Nurse ("Defendant"), by and through her attorney Kwame Raoul, Illinois Attorney General, and moves this Honorable Court for entry of an order dismissing Defendant from this matter. In support thereof, Defendant states as follows:

1. On April 29, 2025, Plaintiff filed a Complaint alleging that a John Doe correctional officer gave him a breakfast tray that included a four-inch piece of metal and told him to kill himself. (Doc. 1). Plaintiff alleged that the incident occurred between 4:30am and 6:00am on November 29, 2023. (Doc. 1).

2. On May 13, 2025, this Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment claim against the John Doe correctional officer based on allegations that the "harassment of Plaintiff increased the risk of physical harm and/or the officer targeted Plaintiff with known psychological vulnerabilities." (Doc. 6 at 3).

3. In that same order, the Court named Mindi Nurse as a nominal Defendant "so that Plaintiff may use the tools of discovery to identify the person whom he believes violated his Eighth Amendment rights." *Id.* at 4.

4. On July 14, 2025, this Court entered a Scheduling Order requiring Defendant to disclose to Plaintiff within 45 days, by August 28, 2025, "[t]he identity of any Doe defendants, if

Doe defendants are named. If Defendants are unable to ascertain the identity of a Doe Defendant, Defendants shall produce to Plaintiff any information relevant to assisting Plaintiff to identify the Doe Defendant." (Doc. 12 at 2).

5. On August 22, 2025, Defendant issued Plaintiff with her first set of interrogatories that asked Plaintiff to provide a detailed physical description of the John Doe Defendant.

6. On August 28, 2025, Defendant served her Initial Disclosures upon Plaintiff. (Doc. 15). Although Defendant did not know the identity of the John Doe Defendant in this case, she produced the Pontiac Correctional Center Duty Roster and the Pontiac Mental Health Unit Command Log for the 11:00pm – 7:00am shift from November 29, 2023. These documents contain the names of the correctional staff members that were working in the unit that Plaintiff was housed in during the relevant time period.

7. On October 6, 2025, Plaintiff served his answers to Defendant's first set of interrogatories. In his answers, Plaintiff described the John Doe Defendant as a "Caucasian, shorter than the plaintiff [later determined to be roughly 5'10 as described in Plaintiff's discovery requests], had a worn a hat on his head, didn't wear a name tag, and can possibly be identified through the roster management of Pontiac on the said date." (Exhibit 1 – Plaintiff's Answers to Defendant's First Set of Interrogatories).

8. Since receiving that answer, after combing through discovery documents and discussing Plaintiff's allegations with Pontiac Correctional Center staff, Defendant has been able to narrow down the alleged identity of the John Doe Defendant, based on Plaintiff's own description of the John Doe Defendant, to four potential correctional officers.

9. On February 25, 2026, Defendant served Plaintiff with supplemental disclosures that included the names of the four correctional officers that fit Plaintiff's description of the John Doe Defendant. (Exhibit 2 – Defendant's Supplemental Disclosures).

10. Discovery closed in this case on March 16, 2026. (d/e: 01/05/2026).

11. Plaintiff has not moved to extend the March 16 discovery deadline, nor has he moved to amend his Complaint.

12. Based on Defendant's disclosures, and the information provided by Plaintiff, there is nothing more that Defendant can do to narrow down the identity of the John Doe Defendant. Plaintiff's description of the John Doe Defendant is so generic that Defendant cannot realistically identify the correctional officer. It is Plaintiff's responsibility to further investigate his claims and narrow down the identity of the John Doe Defendant. Therefore, Defendant has fulfilled her discovery obligations as a nominal defendant under this Court's Merit Review Order.

WHEREFORE, Defendant Mindi Nurse respectfully requests this Honorable Court enter an order granting Defendant's Motion to Dismiss, dismiss the Defendant for fulfilling her discovery obligations as a nominal Defendant, and for any further relief this Court deems reasonable and just.

Dated: April 16, 2026

Respectfully Submitted,

**KWAME RAOUL**
Attorney General of Illinois

*<u>/s/ Zachary Shapiro</u>*
Zachary Shapiro
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(773) 550-7349
Zachary.Shapiro@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 16, 2026, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned further certifies that he mailed a copy to the *pro-se* Plaintiff at the following address via First Class Mail USPS:

William Williams, #R12713
Menard Correctional Center
Inmate Mail/Parcels
PO Box 1000
Menard, IL 62259

*/s/ Zachary Shapiro*
Zachary Shapiro