E-FILED
Thursday, 25 June, 2026 10:42:41 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| William Williams,<br><br>Plaintiff,<br><br>v.<br><br>Michael Gubbels,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-1166-CSB<br><br>Honorable Colin S. Bruce |

## MOTION TO DISMISS

NOW COMES Defendant Michael Gubbels ("Defendant"), by and through his attorney, Kwame Raoul, Illinois Attorney General, and for his Motion to Dismiss, and pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

## INTRODUCTION

1. Plaintiff's First Amended Complaint, naming Michael Gubbels as the sole defendant, is barred by the statute of limitations. As Plaintiff exhausted his administrative remedies on March 27, 2024, and waited until April 24, 2026, to file a motion for leave to amend his complaint and add Defendant Gubbels as a defendant, his claims are barred by the applicable statute of limitations. Furthermore, Plaintiff cannot argue that his claims against Defendant relate back to his original Complaint because his original complaint identified Defendant as a John Doe, which is not considered a mistaken identity in the context of Rule 15. Finally, Plaintiff cannot argue that extraordinary circumstances prevented him from amending his Complaint to name Defendant because Plaintiff has known Defendant's identity since on or around August 28, 2025. Therefore, Plaintiff's claim against Defendant Gubbels must be dismissed with prejudice.

## BACKGROUND

2. On April 29, 2025, Plaintiff filed his Complaint under 42 U.S.C. § 1983 alleging a John Doe Defendant acted with deliberate indifference to a serious medical need in violation of his Eighth Amendment rights. Dkt. 1. The constitutional violation allegedly occurred on November 29, 2023, when John Doe handed Plaintiff, who claims that he is seriously mentally ill, a breakfast tray with a piece of metal on it and told Plaintiff to kill himself. *Id.*

3. On May 13, 2025, this Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment claim against the John Doe correctional officer based on allegations that the "harassment of Plaintiff increased the risk of physical harm and/or the officer targeted Plaintiff with known psychological vulnerabilities." Dkt. 6 at 3.

4. In that same order, the Court named Mindi Nurse as a nominal Defendant "so that Plaintiff may use the tools of discovery to identify the person whom he believes violated his Eighth Amendment rights." *Id.* at 4.

5. On July 14, 2025, this Court entered a Scheduling Order requiring Defendant Nurse to disclose to Plaintiff within 45 days, by August 28, 2025, "[t]he identity of any Doe defendants, if Doe defendants are named. If Defendants are unable to ascertain the identity of a Doe Defendant, Defendants shall produce to Plaintiff any information relevant to assisting Plaintiff to identify the Doe Defendant." Dkt. 12 at 2.

6. On August 22, 2025, Defendant Nurse served Plaintiff with her first set of interrogatories that asked Plaintiff to provide a detailed physical description of the John Doe Defendant.

7. On August 28, 2025, Defendant Nurse served her Initial Disclosures upon Plaintiff. Dkt. 15. Although Defendant Nurse did not know the identity of the John Doe Defendant in this

case, she produced the Pontiac Correctional Center Duty Roster and the Pontiac Mental Health Unit Command Log for the 11:00pm – 7:00am shift from November 29, 2023. These documents contain the names of the correctional staff members that were working in the unit that Plaintiff was housed in during the relevant time period.

8. The Pontiac Correctional Center Duty Roster for the date and time relevant to Plaintiff's Complaint identified Defendant Gubbels.

9. On October 6, 2025, Plaintiff served his answers to Defendant Nurse's first set of interrogatories. In his answers, Plaintiff described the John Doe Defendant as "Caucasian, shorter than the plaintiff [later determined to be roughly 5'10 as described in Plaintiff's discovery requests], had a worn a hat on his head, didn't wear a name tag, and can possibly be identified through the roster management of Pontiac on the said date." (Exhibit 1 – Plaintiff's Answers to Defendant Nurse's First Set of Interrogatories).

10. Based on Plaintiff's discovery responses and the documents produced in this case, Defendant Nurse narrowed down the identity of the John Doe Defendant to four potential correctional officers. None of the individuals Defendant Nurse identified were Defendant Gubbels.

11. On February 25, 2026, Defendant Nurse served Plaintiff with supplemental disclosures that included the names of the four correctional officers that fit Plaintiff's description of the John Doe Defendant. Again, Defendant Nurse, based on her own good faith reliance on the discovery materials, did not identify Defendant Gubbels as the potential John Doe Defendant. (Exhibit 2 – Defendant Nurse's Supplemental Disclosures).

12. On April 24, 2026, Plaintiff filed a Motion for Leave to File an Amended Complaint. Dkt. 28. Within that Motion, Plaintiff moved to substitute the John Doe defendant for Defendant Gubbels. *Id.* at 2.

13. On April 27, 2026, this Court granted Plaintiff's Motion, dismissed Defendant Nurse and the John Doe Defendant, and allowed Plaintiff to file his First Amended Complaint naming Michael Gubbels as a defendant. Dkts. 29-30.

14. Plaintiff attached as an exhibit to his First Amended Complaint a copy of a grievance dated December 2, 2023, and has the identifying number "102709" at the top, which details the allegations in his First Amended Complaint. Dkt. 30 at 22-23.

15. Plaintiff also attached as an exhibit to his First Amended Complaint a final response that he received from the Administrative Review Board ("ARB") to grievance 102709 dated March 27, 2024, which serves to exhaust his administrative remedies. *Id.* at 30.

## LEGAL STANDARD

16. The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).

## ARGUMENT

17. Plaintiff did not add Defendant Gubbels as a defendant until after the statute of limitations period had accrued. Therefore, this case must be dismissed with prejudice.

18. "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 ILCS 5/13-202); *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007).

19. For claims brought by prisoners under § 1983, the two-year statute of limitations period "is tolled while the prisoner exhausts the administrative grievance process." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001)). Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922 (2007).

20. An inmate's grievance shall be addressed to the Grievance Officer and must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. 20 Ill. Admin. Code § 504.810(c). The Grievance Officer shall review the grievance and report findings and recommendations in writing to the Chief Administrative Officer (Warden). 20 Ill. Admin. Code § 504.830(d). The CAO will advise the offender of the decision. *Id*. If the offender is still not satisfied with the outcome, they may then appeal to the Director within 30 days of the decision. 20 Ill. Admin. Code § 504.850. The Director determines whether a hearing before the ARB is required. If the grievance is without merit or a hearing is not necessary, the offender is notified. The ARB will submit a report to the Director, who will review the findings and make a final determination. *Id*.

21. In the present case, Plaintiff added Defendant Gubbels over two years after receiving a final determination from the ARB. As Plaintiff included copies of his relevant grievance and final determination from the ARB as exhibits, this Court may consider them in ruling on Defendant's Motion to Dismiss. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice") (citing Fed. R. Civ. P 10(c)).

22. Plaintiff filed his grievance related to the allegations in his Complaint on December 2, 2023. Dkt. 30 at 22-23. The ARB made its final determination on March 27, 2024, which is the date Plaintiff exhausted his administrative remedies, and the statute of limitations period began to accrue. Dkt. 30 at 30. Plaintiff had until March 27, 2026, to amend his Complaint and add Defendant Gubbels. However, Plaintiff waited until April 24, 2026, 28 days after the statute of limitations period expired, to file his Motion for Leave to Amend his Complaint. Dkt. 28. As Plaintiff added Defendant Gubbels as a Defendant after the statute of limitations period had expired, his claim is now barred by law. *See Lee v. Kalern*, No. 20-cv-3349-MMM, 2021 U.S. Dist. LEXIS 81326 (C.D. Ill. Apr. 28, 2021), *7 (dismissing a defendant with prejudice where the plaintiff "provided his related grievances and the responses he received from the Administrative Review Board" and the grievance "was denied by the ARB … more than two years prior to filing").

23. Furthermore, Plaintiff cannot argue that the addition of Defendant Gubbels relates back to his original complaint because naming John Doe defendants does not constitute a mistake under Rule 15(c). Under the Federal Rules of Civil Procedure, a plaintiff may amend their complaint after the statute of limitations has accrued if the amendment relates back to the original complaint. Fed. R. Civ. P. 15(c). An amendment relates back to the date of the original pleading if

the amendment "changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if … the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced by in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a **mistake** concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii) (emphasis added). However, the Seventh Circuit has made it clear that "naming a John Doe defendant does not constitute a 'mistake' within the meaning of Rule 15(c)." *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). Plaintiff previously named Defendant Gubbels as a John Doe Defendant in his initial Complaint. Dkt. 1. As there is no mistaken identity under Rule 15(c), Plaintiff was required to add Defendant Gubbels before the statute of limitations expired. Plaintiff failed to do so and therefore Defendant Gubbels must be dismissed.

24. Finally, Plaintiff cannot argue equitable tolling. Under the doctrine of equitable tolling, "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (internal quotation marks and citation omitted); *see also Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996) ("equitable tolling permits a plaintiff to sue after the statute of limitations has expired…"). A Plaintiff may argue that equitable tolling is applicable by showing "he has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera*, 8 F.4th at 499 (quoting *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021)).

25. However, the Seventh Circuit has made it clear that "[it] do[es] not consider that the naming of a 'John Doe' defendant in the complaint tolls the statute of limitations until such time as a named defendant may be substituted." *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978).

A plaintiff "who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). As Plaintiff originally identified Defendant Gubbels as John Doe, he was required to name Defendant Gubbels as a party before the statute of limitations expired.

26. Plaintiff has not pursued his rights diligently and therefore cannot argue equitable tolling. Plaintiff learned Defendant Gubbels identity on or around August 28, 2025, well before the statute of limitations period expired, when Defendant Nurse produced the duty roster containing Defendant Gubbels's name. There are no other discovery documents, written discovery responses, or disclosures that name Defendant Gubbels. Defendant Nurse provided four other names later in discovery, but before the statute of limitations expired, that she believed may have been the identity of the John Doe defendant. However, Plaintiff still waited until April 24, 2026, despite knowing Defendant Gubbels's identity on or around August 28, 2025, to add him as a defendant.

27. This is not a case where "extraordinary circumstances" prevented Plaintiff from naming Defendant Gubbels as a defendant. Plaintiff knew Defendant Gubbels was the John Doe Defendant, with minimal assistance from Defendant Nurse to investigate his claims, on or around August 28, 2025. As equitable tolling is inapplicable to Plaintiff's claim, his suit against Defendant Gubbels must be dismissed with prejudice.

WHEREFORE, Defendant Michael Gubbels respectfully requests that this Honorable Court grant his Motion to Dismiss, enter an order dismissing Plaintiff's First Amended Complaint with prejudice and grant any other relief this Court deems reasonable and just.

Dated: June 25, 2026

Respectfully Submitted,

**KWAME RAOUL**
Attorney General of Illinois

*/s/ Zachary Shapiro*
Zachary Shapiro
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(773) 550-7349
Zachary.Shapiro@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 25, 2026, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned further certifies that he mailed a copy to the *pro-se* Plaintiff at the following address via First Class Mail USPS:

William Williams, #R12713
Menard Correctional Center
Inmate Mail/Parcels
PO Box 1000
Menard, IL 62259

*/s/ Zachary Shapiro*
Zachary Shapiro