E-FILED
Wednesday, 29 July, 2026 03:37:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, or pleading to the U.S. District Court for the Central District of Illinois for filing.

Williams, William — Name

B12713 — ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint of habeas corpus petition? Yes or (No)

   If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition? Yes or (No)

   If yes, please list case number: ______

   If yes, but you do not know the case number, mark here: ______

3. Should this document be filed in a pending case? (Yes) or No

   If yes, please list case number: 25-CV-1166-CSB

   If yes, but you do not know the case number, mark here: ______

4. Please list the total number of pages being transmitted: 15

5. If there are multiple documents, please identify each document and the number of pages for each document.

| Name of Document: | Number of Pages |
|---|---|
| | |
| Answer & Response | 15 |
| | |
| | |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| William Williams,<br>Plaintiff,<br><br>v.<br><br>Michael Gubbels,<br>Defendant. | SCANNED at MENARD and E-mailed 7/29/26 by CB 15 pages (Date, initials, No.)<br><br>CASE NO. 25-CV-1166-CSB<br><br>Honorable Colin S. Bruce |

ANSWER AND RESPONSE TO DEFENDANTS MOTION TO DISMISS

NOW comes Plaintiff William Williams("Plaintiff"), by and through his JailHouse Attorney—Pro-SE; who wishes to remain anonymous Due to Retaliational animus by staff of the Illinois Department of Corrections (IDOC), and For his Answer and Response to Defendants motion to dismiss pursuant to Fed. R. Civ.P. 12 et Seq, states as follows:

# INTRODUCTION

1. On or about June 25, 2026 Defendant Filed a motion to dismiss plaintiffs' First amended complaint and alleged the Following grounds in support of said motion:

i) Naming Defendant michael Gubbels as the sole defendant, is barred by the Statute of limitations.

ii) that plaintiff exhausted his administrative remedies on march 27, 2024.

iii) that Plaintiff waited until April 24, 2026, to file a motion for leave to amend his complaint and added Defendant Gubbels as a defendant.

iv) That plaintiff can not argue that extraordinary circumstances prevented him From amending his complaint to name Defendant michael Gubbels.

V) That Plaintiff has known Defendant's identity since on or around August 28, 2025.

Vi) That Plaintiff has not pursued his rights diligently and cannot argue equitable tolling.

Vii) That plaintiff cannot argue that his Claims against Defendant Gubbels relate back to his original complaint because his original complaint identified Defendant as John Doe.

2. IN Defendant's motion to Dismiss (MTD) under the back ground section is several Dates named in paragraphs 2-15; several of which is misstated, namely paragraphs 1, 9 & 11; and as a Result of these misstated Dates, Defendant is attempting to Bolster the false claims named in paragraph 1, (i-vii) supra.

## CORRECTED BACKGROUND INFORMATION

3. ON march 29, 2025, plaintiff filed his original complaint against John Doe Defendant for deliberate indifference to plaintiffs 8th amendment constitutional Right to be free of cruel and unusual punishment, tha occured on November 29, 2023, when Defendant handed plaintiff a a piece of metal inside a breakfast tray and told him to Kill him self, while plaintiff was having a mental health crises, who is also Seriously mentally ill. DKt. 1.

4. ON may 13, 2025, approximately 45 days after filing complaint, the court conducted a merit review of plaintiffs complaint, allowing plaintiff to proceed on an Eighth Amendment Claim against the John Doe Defendant based on the Fact that his harassment of plaintiff increased the risk of physical harm and/or the Defendant targeted plaintiff with known psychological vulnerabilities. DKt. 6 at 3.

5. IN that same order, the court named mindi Nurse as a Nominal Defendant "so that Plaintiff may use the Tools of Discovery to identify the Defendant who violated Plaintiffs Eighth Amendment rights." Id at 4.

6. ON July 14, 2025, this court entered a scheduling order requiring Defendant Nurse to disclose to Plaintiff within 45 days, by August 28, 2025, "[t]he identity of ANY Doe Defendants, if Doe defendants are named. If Defendants are unable to ascertain the identity of a Doe Defendant, Defendants shall produce to Plaintiff any information relevant to assisting Plaintiff to identify the Doe defendant." DKt. 12 at 2. [Note: Defendants Never produced the identity]

7. ON or about August 22, 2025, Defendant Nurse served plaintiff with her first set of interrogatories that asked plaintiff to provide a detailed physical description of the John Doe Defendant. ~~[illegible]~~

8. ON or about August 28, 2025, Defendant Nurse Served her initial Discloser upon Plaintiff. DKt 15. Although Defendant Nurse allegedly did not Know the identity of the John Doe defendant in this case, she produced Some of the Pontiac correctional center Duty Roster and

and Some of the Pontiac mental Health unit command Log for the 11:00 pm – 7:00 Am shift from november 29, 2023. These documents allegedly contained the names of the correctional staff members that was working in the unit that Plaintiff was housed in during the relevant time period. [Note: Defendant Michael Gubbels name was NOT encluded in that Discloser.]

9. ON September 9, 2025, Plaintiff Served his answers to Defendant nurses first set of interrogatories, because Plaintiff Still did not Know the identity of the John Doe Defendant, he described the John Doe defendant as "Caucasian, Shorter than Plaintiff [Later determined to be roughly 5'10 as described in Plaintiffs discovery requests], had worn a hat on his head, didn't wear a name tag, and can possibly be identified through the roster management of pontiac on the said date."

10. ON or about February 25, 2026, Defendant Nurse Served Plaintiff with supplemental disclosures that encluded Severl names and additional Pages numbered 3 and 4 For November 29, 2023 that encluded Defendant michael Gubbels name. [However, Plaintiff did not Receive the

disclosures until mid march 2026 Due to mail Delays here at menard c.c. and/or because Defendant Did not mail the Documents on time?

11. After careful Review of all Documents Furnished to Plaintiff and consulting with many other inmates about the events that took place at Pontiac on 11-29-23; Plaintiff was Finally able to identify the Defendant John Doe as michal Grubhels on or about April 1, 2026; and was able to locate an inmate to help Plaintiff File his amended complaint on April 24, 2026

12. Because defendants July 14, 2025 Answer and Affirmative Defenses made the claim that Plaintiff did not Exhaust administrative Remedies; Plaintiff attached his grievances to his amended complaint. DKt. 30 at 22-23.

13. Plaintiff also Attached the final response that he received from the Administrative Review Board ("ARB") to grievance 102709, that was Dated march 27, 2024, but not received by Plaintiff until sometime in may of 2024, wich serves to exhaust Plaintiffs administrative remidies. Id. at 36. [Note: Plaintiff has no control over the incomming mail!]

## LEGAL STANDARD

14. The court reviews a motion to dismiss pursuant To Fed. R. Civ. P. 12(b)(6) to determine whether the allaga-tions in the complaint are sufficient to state a cause of action upon which relief may be granted. Bell Atlantic corp. v. Twombly, 550 U.S. 544, 570 (2007). The well pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are constr-ued in light most favorable to the none-moving party. Ray v. City of chicago, 629 F.3d 660, 662 (7th cir. 2011); Bielanski v. County of Kane, 550 F.3d 632, 633 (7th Cir. 2008) The question presented in a Rule 12(b)(6) motion to dismiss is whether plaintiff has alleged Facts Sufficient to state a cause of action that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Quoting Bell alontic corp., 550 U.S. at 570).

## ARGUMENT

15. Defendants motion to dismiss is frivolous on its Face; and all of Defendants arguments is contrary to Law; Futher any and all Delays (if any) in filing an amended

Complaint Dated April 24, 2026 Falls Squarely on the Defendants Shoulders because of the Defendants intentional violation of the Discovery rules by not Furnishing Plaintiff with the Name of Defendant michael Gubbels until mid march of 2026; and because Defendant nurse Never provided any photos or video whereby plaintiff could properly identify Defendant Gubbels sooner.

16. Plaintiff [redacted] is hereby rebutting all of Defendants Claims and arguments that is contrary to Law, and father avers that a dismissal of Plaintiffs Complaint would be clearly contrary to Law because Plaintiff Named Defendant within the Statute of Limitations because the Statute of Limitations was tolled during Administrative Remedies exhaustion which did not end until Plaintiff Received the final response from the ARB until mid may, 2024; and Plaintiffs amended complaint is Dated April 24, 2026.

17. Defendant was ordered by this court to Serve Plaintiff with the identity of Defendant John Doe by 8-28-2025; but did not actually provide Defendants name until mid march 2026. And Still did not provide the identity (i.e) Photos, videos etc, whereby plaintiff could properly identify Defendant.

18. Plaintiff made it very clear in his complaint that the Defendant did not where a name tag, and in Plaintiff response to Defendants interrogatories the defendant John Doe was shorter than plaintiff and caucassion. However, Defendant Knew who the John Doe Defendant was and his Full identity For almost two Full years, yet failed to inform Plaintiff of his identity. only after speak- with many other inmates that was at pontiac and in Plaintiffs cell house at the time of the events named in the complaint was Plaintiff able to Learn of Defend- ants John Does Full Legal Name.

19. Defendant Nurse cannot intentionally delay the John Doe Discovery of Defendant Gubbels name and then Claim Plaintiff did not file within the Statute of Limilations. IN Fact this court may order Sanctions against Defendant Nurse For Delaying the Discovery process in hopes of getting the complaint dismissed.

IF a party fails to respond to discovery or provides evasive or incomplete an- swers, Federal Rule of civil Procedure 37 permits the requesting party to seek a court order compelling a response - FED. R. Civ. P. 37(a). Evasive or incomplete

Responses are treated as nonresponsive. FED. R. CIV. P. 37(a)(4). Responses that impede Rather than facilitate discovery may result in sanctions. Mueller V. City of East St. Louis, 24-CV-2321-DWD (S.D. ill. may 2025), citing, Airtex corp. v. Shelley Radiant ceiling CO., 536 F.2d 145, 154-55 (7th cir. 1976). [emphasis mine]

20. When Defendant Nurse Refused to provide any photos or videos; and then surrendered Defendant Grubbs's name Seven months Late, she was evasive and Furnished incomplete Discovery concerning the true identity of John Doe Defendant. Therefore her response is treated as no response at all.

21. IN any event if Plaintiff was 28 days over the statute of limitations as the defendant claims in ¶ 22 of Defendants MTD, it is Not because of Plaintiff's failure to pursue his rights diligently. Plaintiff has always pursued his rights diligently to the Best of his abilities. However, this court did not issue a merit review until 45 days after

Plaintiffs amended complaint was on file. Plaintiff has No control over this courts Docket Schedule or when it issues orders to parties of a civil suit. where for 45 days are Tolled during this courts merit Review process.

22. And clearly extraordinary circumstances hindered many of Plaintiffs Filings and responses to defendants because of the fact he is unable to litigate on his own. Each and every filing in this case has been with the aid of inmate Lawyers. In Fact this very court finally granted Plaintiffs motion to request counsel on 3-16-2026 because this court Found that Plaintiff is unable to litigate on his own.

23. Plaintiff has has pursued his rights diligently; And the Statute of limitations had not arrived before Plaintiff filed his amended complaint Due to this courts 45 day tolling during merit review; and because Plaintiff did Not Receive the ARB response until mid may 2024; and Also because of Defendant Nurse not providing Gubbels name until mid

march of 2026, 7 months Late in violation of court order to Furnish identity by 8-28-25.

23. This is a case where extraordinary circumstances prevented Plaintiff from naming John Doe Defendant michael Gubbels until the filing of amended complaint on 4-24-26; Because Plaintiff Did not Know the name Fit the defendant until April 1, 2026. And all Facts stated above prove this point. See exhibit A (on p. 14)

WhereFore, plaintiff william williams requests this court Denie Defendant's motion to dismiss, by entering an order to the same and to grant any other relief to plaintiff this court deems reasonable and Just.

Respectfully submitted on 7-27-2026,

/S/ William Williams # R12713
by: William Williams
PRO-SE Plaintiff
711 Kaskia Street
menard, IL 62259

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 27, 2026, he place the foregoing in the menard C.C. internal institutional mail system to be sent to the menard Law Library to be electronically filed with the clerk of court for the central District of Illinois by using the CM/ECF System. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/S/ William Williams #R12713
by: William Williams
Pro-Se Plaintiff
711 Kaskaskia st.
menard, IL 62259

# DECLARATION OF William Williams

I, ______________________ state the following Facts:

1.) This Answer and Response to Defendants motion To Dismiss was Drafted by one JailHouse Lawyer Know to me as John Doe. esq, because I am unable to litigate on my own.

2.) all Facts Named in aforementioned Response is True and correct,

3) I filed all complaints within the prescribed time Limits Set by LAW.

4) I have pursued my rights diligently throughout the Litigation period.

5) I did not Know the identity of the John Doe Defendant until on or about April 1, 2026; And was unable to file an amended complaint until 4-24-26 because I did not have any help from JailHouse Lawyers until then.

6) Defendants did Not provide the John Doe defendant's name ON time (8-28-25) as ordered by this court; instead I Received the names in mid march 2026 over 7 months Late!

7) Any and all delays if any at all are Due defendants impeding the Discovery of the John Doe defendant's name For almost two years.

8) Plaintiff is still unable to litigate on his own, and requires the aid of Jail House Lawyers in order to meet any Deadlines set by Law and this court.

9) I can testify to all Facts name in this Declaration and Foregoing response to Defendants M.T.D.

I William Williams declare under penalty of perjury that all of the foregoing is true and correct.

Executed on 7-27-2026

/S/ William Williams
by: William Williams
IDOC# R12713