E-FILED
Wednesday, 12 August, 2026 02:56:48 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| William Williams,<br><br>Plaintiff,<br><br>v.<br><br>Michael Gubbels,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-1166-CSB<br><br>Honorable Colin S. Bruce |

**<u>REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

NOW COMES Defendant Michael Gubbels ("Defendant"), by and through his attorney, Kwame Raoul, Illinois Attorney General, and for his Reply in Support of Defendant's Motion to Dismiss, states as follows:

**<u>BACKGROUND</u>**

1. On June 25, 2026, Defendant filed his Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff substituted the John Doe Defendant with Defendant Gubbels after the statute of limitations had expired. Dkt. 33.

2. Specifically, Defendant argues that the statute of limitations began to accrue when the Administrative Review Board ("ARB") made its final determination regarding Plaintiff's grievance on March 27, 2024, and therefore the statute of limitations expired on March 27, 2026. *Id.* at 6. Plaintiff moved to add Defendant Gubbels as a Defendant on April 24, 2026, and therefore Plaintiff's claims against Defendant are barred by the statute of limitations. *Id.*

3. On July 29, 2026, Plaintiff filed his "Answer and Response to Defendant's Motion to Dismiss." Dkt. 37.

4. Within his Response, Plaintiff asserts that on or about August 28, 2025, "Defendant Nurse served her initial [disclosures] upon Plaintiff" and further states "[a]lthough Defendant

Nurse allegedly did not know the identity of John Doe defendant in this case, she produced some of the Pontiac correctional center duty roster and some of the Pontiac mental health unit command log for the 11:00pm-7:00am shift from November 29, 2023." *Id.* at 5-6. Plaintiff further notes that "Defendant Gubbels name was not [included] in that [disclosure]." *Id.* at 6.

5. Plaintiff cites no evidence suggesting that the duty roster and command log were incomplete.

6. Plaintiff also states that on or about February 26, 2026, Defendant Nurse served Plaintiff with her supplemental disclosures that included the name of individuals, but he did not receive those disclosures until "mid-march." *Id.* at 6-7. Plaintiff further claims that these disclosures contained "several names and additional pages numbered 3 and 4 … that included Michael Gubbels['s] name [sic]." *Id.* at 6.

7. Despite Plaintiff's claim, Defendant Nurse's supplemental disclosures did not identify Defendant Gubbels as one of the potential Defendants. *See* Dkt. 33-2 at 4. The duty roster, that Plaintiff admits Defendant Nurse produced on August 28, 2026, is the only document in which Defendant Gubbels's name appears.

8. Further, Plaintiff states that "[a]fter careful review of all documents furnished to Plaintiff and consulting with many other inmates about the events that took place at Pontiac on 11-29-23; Plaintiff was finally able to identify the Defendant John Doe as Michael Gubbels on or about April 1, 2026, and was able to locate an inmate to help Plaintiff file his amended complaint on April 24, 2026 [sic]." Dkt. 37 at 7.

## ARGUMENT

9. Plaintiff provides two arguments in his response: (1) Defendant's motion is "frivolous" because Defendant Nurse intentionally delayed discovery "by not furnishing Plaintiff with the name of Defendant Michael Gubbels until mid-march of 2026 and because Defendant

Nurse never provided any photos or video whereby Plaintiff could properly identify Defendant Gubbels sooner" and (2) the statute of limitations began to accrue sometime in "mid may, 2024" when he received a final response from the ARB in the mail. *Id.* at 9.

**I. Extraordinary circumstances do not exist to toll the statute of limitations.**

10. As to Plaintiff's first argument, Plaintiff has provided no explanation for his claim that Defendant Nurse violated her discovery obligations. Plaintiff's argument is that because Defendant Nurse allegedly violated her discovery obligations, extraordinary circumstances exist that tolled the statute of limitations. Plaintiff claims, without any basis, that Defendant Nurse knew that the John Doe Defendant in Plaintiff's Complaint was Defendant Gubbels and intentionally withheld that information. *Id.* at 10. However, Defendant Nurse and undersigned counsel did not learn that Plaintiff sought to add Defendant Gubbels until Plaintiff identified him as the John Doe defendant in his "Motion to Amend Complaint" on April 24, 2026. Dkt. 28.

11. On August 28, 2025, Defendant Nurse explained in her initial disclosures that she could not "ascertain the identity of the John Doe Defendant," and directed Plaintiff to the roster and command log from November 29, 2023. On February 26, 2026, after undersigned counsel further investigated the John Doe's identity, undersigned counsel learned that the John Doe defendant likely would have been one of the gallery officers that were listed on the command log. In light of this information, Defendant Nurse supplemented her disclosures and provided the following information:

> After further investigation, undersigned counsel has learned that the gallery officers at Pontiac pass out the breakfast trays. Per Plaintiff's Living Unit History (IDOC_000170), Plaintiff was assigned to the South Mental Health Unit at Pontiac Correctional Center on November 29, 2023. Plaintiff has described the John Doe Defendant as a "Caucasian, shorter than the plaintiff [later determined to be roughly 5'10 in Plaintiff's discovery requests], had worn a hat on his head, didn't wear a name tag, and can possibly be identified through the roster management of Pontiac on the said date." Based on the names contained on the South Mental Health

> Command Log (IDOC_000196), the only "Caucasian" individuals that were working as gallery officers on the date and time alleged in Plaintiff's Complaint are Raymond Beck, Jesse Smothers, Timothy Krone, and Nicholas Stoner. Defendant cannot narrow the identity of the John Doe Defendant any further based on Plaintiff's description.

Dkt. 33-2 at 4. Defendant Nurse did not identify Defendant Gubbels as one of the potential identities of the John Doe Defendant because he was not listed on the command log. As previously explained, the duty roster, which Plaintiff has had since on or around August 28, 2026, is the only document that lists Defendant Gubbels's name. As there is no documentation suggesting Defendant Gubbels is the John Doe Defendant, Defendant Nurse, through undersigned counsel, never identified him in her disclosures.

12. Furthermore, Defendant Nurse never "refused to provide any photos or videos" that would have helped Plaintiff identify Defendant Gubbels as the John Doe Defendant. Dkt. 37 at 11. The only request Plaintiff ever made regarding the production of video requested footage "to the extent that it exist or can be made available that the Audio/visual footages of suicide watch AKA Crisis Watch is produced for 2 cell 121 of the South Mental holding area for crisis watches AKA mental Health mental ill cell for detainment of those who're Homicidal or Suicidal at the moment for cause [sic]." (Exhibit 1, Defendant's Responses and Objections to Plaintiff's First Requests for Production). Defendant Nurse explained in her response that such footage does not exist and provided a corroborating sworn declaration from the internal affairs lieutenant. *Id.* Plaintiff requested no other video footage or photographs.

13. Finally, Plaintiff argues that extraordinary circumstances exist because "he is unable to litigate on his own" and because "this very Court finally granted Plaintiff's motion to request counsel on 3-16-2026 [sic]." Dkt. 37 at 12. However, as this Court made clear in its order granting Plaintiff request for counsel on March 16, 2026, "[u]ntil the Court determines if it will be able to find counsel to represent him, Plaintiff will need to continue to litigate this case on his own,

including satisfying all deadlines imposed by the Federal Rules of Civil Procedure and the Court's Scheduling Orders." Dkt. 24. Therefore, Plaintiff cannot use any alleged inability to litigate his case to establish extraordinary circumstances.

14. The clarified record establishes that there were no extraordinary circumstances that tolled the statute of limitations. Plaintiff admitted that he received the duty roster on or around August 28, 2025. Dkt. 37 at 5-6. However, despite having Defendant Gubbels's name on the duty roster, Plaintiff further admits that he did not attempt to investigate the names contained in these documents until *April 1, 2026*, after the statute limitations had expired. *Id.* at 7. Plaintiff then waited until April 24, 2026, to file his motion to amend his Complaint. *Id.* There are no extraordinary circumstances that delayed Plaintiff's ability to name Defendant Gubbels as a party.

15. Out of an abundance of caution, Defendant has chosen not to file the duty roster or the command log on the docket, as the documents could implicate the safety and security of IDOC staff and the facilities. However, Defendant can submit said documents for *in camera* review if the court wishes to verify the statements in this reply brief.

**II. Plaintiff has not shown that the statute of limitations began to accrue in May of 2024.**

16. Plaintiff also argues that "the statute of limitations had not accrued before Plaintiff filed his Amended Complaint due to this Court's 45 day tolling during merit review; and because Plaintiff did not receive the ARB response until mid may 2024." Dkt. 37 at 12.

17. Plaintiff cites no legal authority establishing the statute of limitations are tolled during the period in which a Court drafts a merit review order in prisoner civil rights cases. Nor does Plaintiff cite authority to establish that the statute of limitations in prisoner civil rights cases is tolled until the plaintiff receives the ARB's final determination in the mail. Illinois's administrative code makes it clear that an inmate exhausts his administrative remedies once the

ARB submits their grievance report to the Director, who makes a final determination. 20 Ill. Admin. Code § 504.850(e). Plaintiff has presented no contrary legal authority to establish that the statute of limitations began to accrue after March 27, 2024.

18. Even if Plaintiff could establish that the statutory period accrued sometime in mid-May of 2024, this statement should be disregarded. Plaintiff did not allege in his Complaint that he received the Director's final determination on his grievance in mid-May of 2024. He made this allegation for the first time in his Response to Defendant's Motion to Dismiss. Further, he did not attach any documentation to his Complaint to suggest any other date for when the statute of limitations period began to accrue. Therefore, this Court must only consider March 27, 2024, as the date his statute of limitations began to accrue.

**CONCLUSION**

19. As Plaintiff cannot show extraordinary circumstances tolled the statute of limitations, nor can he establish that the statute of limitations period began to accrue at a date after March 27, 2024, this Court must grant Defendant Gubbels's Motion to Dismiss.

WHEREFORE, Defendant Michael Gubbels respectfully requests that this Honorable Court grant his Motion to Dismiss, enter an order dismissing Plaintiff's First Amended Complaint with prejudice and grant any other relief this Court deems reasonable and just.

Dated: August 11, 2026

Respectfully Submitted,

**KWAME RAOUL**
Attorney General of Illinois

*/s/ Zachary Shapiro*
Zachary Shapiro
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(773) 550-7349
Zachary.Shapiro@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 11, 2026, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned further certifies that he mailed a copy to the *pro-se* Plaintiff at the following address via First Class Mail USPS:

William Williams, #R12713
Menard Correctional Center
Inmate Mail/Parcels
PO Box 1000
Menard, IL 62259

*/s/ Zachary Shapiro*
Zachary Shapiro